**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2643-WJM-KLM

TERESA GARCIA,

     Plaintiff,

v.

TRAVELERS INSURANCE COMPANY OF AMERICA,

     Defendant.

---

### ORDER *SUA SPONTE* REMANDING CASE

---

This matter is before the Court *sua sponte* on Defendant's Notice of Removal (the "Notice"). (ECF No. 1.) In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

In the Notice, Defendant avers that the Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). (ECF No. 1 ¶ 5.) Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Notice sufficiently alleges that the Plaintiff and Defendant are citizens of different states. (ECF No. 1 ¶¶ 4-5.) The only

issue here is whether there is sufficient evidence that the amount in controversy exceeds $75,000.

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Here, the Complaint does not include a sum certain damages request. (ECF No. 3.) This case arises out of the failure to pay two claims made by Plaintiff against an insurance policy issued by Defendant. The first claim was valued at $35,000. (Compl. ¶ 17.) There is no value assigned to the second claim. (*Id*. ¶¶ 20-22h.) Plaintiff seeks to recover damages breach of an insurance contract, common law bad faith breach of an insurance contract, statutory bad faith breach of an insurance contract, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*Id*. pp. 6-7.)

In asserting that jurisdiction in this Court is proper, Defendant first points to the fact that Plaintiff's state court civil cover sheet alleges that this action is worth in excess of $100,000. (ECF No. 1 ¶ 13; ECF No. 1-1.) Defendant alleges that "[t]his alone demonstrates that Plaintiff's claims exceed the jurisdictional threshold." (ECF No. 1 ¶ 13.) However, this Court has repeatedly held that the election of the value of a case on a civil cover sheet is insufficient to establish the amount in controversy. *See, e.g., Humphreys v. American Family Mutual Insurance Co.*, 2008 WL 2787344, at *2 (D. Colo. July 15, 2008).

Defendant also notes that Plaintiff is seeking statutory damages on her unreasonable delay or denial of payment claim, and that this shows the amount in controversy exceeds $75,000. However, even if Plaintiff were to recover twice the

2

amount of her claim against her insurance policy—as she is permitted to do pursuant to Colo. Rev. Stat. § 10-3-1116(1)—she would still only recover $70,000.  As there is no evidence as to the amount of the second claim, any finding that such award would take her over the $75,000 threshold would be pure speculation.

The party invoking federal jurisdiction—here, the Defendant—bears the burden of proving that such jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  The Court starts with the presumption that there is no sufficient basis for subject matter jurisdiction, and the burden is on the removing party to establish by a preponderance of the evidence the facts necessary to demonstrate the existence of such jurisdiction.  *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). When considering jurisdiction, the Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . .  where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Martin*, 251 F.3d at 1289-90. The Court finds that the record currently before it is insufficient to meet Defendant's burden of establishing jurisdiction.

Accordingly, the Court ORDERS that the above-captioned action is REMANDED to the District Court of the County of Garfield, Colorado.

Dated this 10th day of October, 2013.

BY THE COURT:

_____

William J. Martinez
United States District Judge